NO. 07-03-0381-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 21, 2003
_____

HAROLD CHRISTOPHER ALANIZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,760-A; HON. HAL MINER, PRESIDING
_____

***ORDER OF DISMISSAL***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Harold Christopher Alaniz appeals his conviction for Aggravated Assault. He pled guilty to the offense in accordance with a plea bargain and confessed to the accusations in the indictment. Upon determining that his plea was knowing and voluntary, the trial court found him guilty of the offense and assessed punishment within the range

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

recommended by the prosecutor. As part of the bargain, appellant also waived his right to appeal, and the trial court certified, pursuant to Texas Rule of Appellate Procedure 25.2(a)(2) and (d), that he had no right to appeal.

According to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, the trial court must certify whether or not the appellant has the right to appeal. If such a certification has not been executed, the appeal must be dismissed. TEX. R. APP. P. 25.2(d). Here, the trial court did not certify that appellant had a right to appeal; quite the contrary, through the certification it stated that he did not. Accordingly, the appeal is dismissed per Texas Rule of Appellate Procedure 25.2(d).

Per Curiam

Do not publish.

2